[Crim. No. 2322.    Second Appellate District, Division Two.—March 24, 1933.]

THE PEOPLE, Respondent, v. EMMETT JENNINGS, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Appellant was tried before the court, sitting without a jury, on the charge of assault with a deadly weapon. From a judgment of conviction he has appealed.

The only contention made by appellant is that the judgment is contrary to the law and the evidence in that there is no proof of intent.

The complaining witness testified that he was living with his wife at the home of his brother-in-law when the incident happened; that he heard that the defendant, who was not living at the house, was there, and that complaining witness took his brother-in-law's gun, went into the kitchen where appellant was, with the gun in his hand and at his side, and pointing toward the door, said to appellant, "Jennings, I don't want to see you here. I don't intend to discuss any matters with you here and you are not going to see her, so get out." That immediately appellant threw his hand back to his hip pocket, pulled his gun and fired at complaining witness, the bullet grazing his cheek, causing the blood to flow. The witness also testified that as soon as appellant reached for his gun, that he raised his own gun and pointed it at appellant and attempted to fire the same, but that it would not fire. Appellant testified that he fired into the wall and had no intention of hitting complaining witness, but did it "to bring the man to his normal senses". Such evidence was entirely by way of excuse or defense, and was for the consideration of the trial court. That court heard the evidence and saw the witnesses and decided against the defense urged. There is no question but that the evidence shows all the material elements of the crime charged. The pistol was not only pointed, but ac-

tually fired, wounding the complaining witness. That the weapon used was deadly and that the act amounted to an assault, in the light of plaintiff's evidence would seem to be unquestioned. There is a presumption, which amounts to evidence, ''that a person intends the ordinary consequences of his voluntary act''. (Sec. 1963, subd. 3, Code Civ. Proc.) The trial court, deciding against the claim of self-defense on conflicting evidence, must have determined that the act was voluntary, and the evidence supports such a conclusion. The evidence is sufficient to support the judgment as well as the order denying the motion for a new trial, from which, however, there seems to be no appeal.

Judgment affirmed.

Works, P. J., and Stephens, J., concurred.